# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

MARK STEVEN COX                                                                                          PLAINTIFF

V.                                              3:07CV00200 BSM/JTR

PAULETTE ARNOLD,
Administrator, Poinsett County Detention Center                                    DEFENDANT

## ORDER

Plaintiff, who is no longer incarcerated, alleges in this *pro se* § 1983 action that Defendant Paulett Arnold violated his constitutional right to equal protection of the law while Plaintiff was confined in the Poinsett County Detention Center. *See* docket entries #2 and #8.

Defendant has filed a Motion to Compel asserting that, despite her repeated requests, Plaintiff has refused to respond to her May 30, 2008 Interrogatories and Requests for Production. *See* docket entry #26. Accordingly, Defendant asks the Court to issue an Order compelling Plaintiff to respond to those discovery requests.

Plaintiff has not filed a Response to Defendant's Motion to Compel, and the time for doing so has expired. *See* Local Rule 7.2(f) (providing that: "The failure to timely respond to any nondispositive motion, as required by the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, or by any local rule, shall be an adequate basis, without more, for granting the relief sought in said motion"). Additionally, the Court concludes that Defendant has stated good cause for granting the Motion.[1]

---

[1] If Plaintiff files his discovery responses in compliance with this Order, Defendant may file a Motion to extend the deadlines imposed in the March 11, 2008 Scheduling Order. *See* docket entry #22.

IT IS THEREFORE ORDERED THAT:

1. Defendant's Motion to Compel (docket entry #26) is GRANTED.

2. Plaintiff shall **FILE** his Responses to Defendant's May 30, 2008 Interrogatories and Requests for Production **within fifteen days of the entry of this Order.**[2]

3. Plaintiff is advised that the failure to timely and properly comply with this Order will result in this case being dismissed, without prejudice, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).[3]

Dated this 20th day of August, 2008.

                                                /s/ J. Thomas Ray
                                         UNITED STATES MAGISTRATE JUDGE

---

[2] Usually, discovery responses are *not* filed with the Court and, instead, are *mailed directly* to the opposing counsel, along with a certificate of service. *See* Fed. R. Civ. P. 5(d). However, the Court instructs Plaintiff to *FILE* his Responses to Defendant's May 30, 2008 Interrogatories and Requests for Production *WITH THE CLERK* so that it can be determined whether Plaintiff has timely and properly complied with this Order.

[3] Fed. R. Civ. P. 37(b)(2)(A)(v) provides, in pertinent part, that a court may dismiss an action if "a party fails to obey an order to provide or permit discovery."